755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES VERNON SELLERS, PLAINTIFF-APPELLANT.
v.
WILLIAM A. TREZETZIAK; WILLIAM FRENCH SMITH; UNITED STATES
OF AMERICA, DEFENDANTS-APPELLEES.
 NO. 84-5255
 United States Court of Appeals, Sixth Circuit.
 1/28/85
 ORDER
 
 1
 BEFORE: KENNEDY and CONTIE, Circuit Judges; and HILLMAN, District Judge.*
 
 
 2
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The appellant is appealing the district court judgment which accepted the recommendation of U.S. Magistrate Joseph M. Hood and dismissed the appellant's habeas corpus claim as moot. The case concerns the appellant's claim that while incarcerated in the Federal Correctional Institute at Ashland, Kentucky the appellees violated his constitutional right to adequate medical treatment by deliberate indifference to his medical needs. The appellant's petition requested habeas relief to obtain adequate medical care and also requested monetary damages pursuant to a 'Bivens' type action.
 
 
 4
 Prior to resolution of the appellant's claim in district court, he received the medical care that he had requested. Consequently, the district court did not err in dismissing the habeas claim as moot. Justin v. Jacobs, 449 F.2d 1017, 1020 (D.C. Cir. 1971).
 
 
 5
 Pro se complaints are afforded liberal interpretation. Haines v. Kerner, 404 U.S. 519 (1972). In viewing the appellant's petition, it appears he had adequately set forth a Bivens v. Six Unknown Fed. Narcotic Agents, 403 U.S. 388 (1971) action. His request for damages is based upon the alleged delay on the part of the appellees in obtaining medical treatment for him. This portion of the appellant's petition was neither addressed by the magistrate nor the district court. No ruling was made on appellee's motion for summary judgment. Consequently, the circumstances of this case require that the action be remanded to the district court so that the summary judgment motion relating to this portion of the appellant's petition can be addressed.
 
 
 6
 Accordingly, it is ORDERED that the district court's judgment concerning the habeas corpus action be affirmed, Rule 9(d)(3), Rules of the Sixth Circuit, and it is further ORDERED that the case be remanded to the district court so that the appellant's 'Bivens' action may be addressed. Rule 9(d)(4), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation